IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MIDDLESEX INSURANCE COMPANY,
a/s/o GENERAL BEVERAGE SALES CO.,

Plaintiff,

v.

KUEHNE + NAGEL, INC.,

Defendant.

OPINION AND ORDER

25-cv-531-wmc

---

Plaintiff Middlesex Insurance Company has filed this lawsuit as a subrogee, claiming that defendant Kuehne + Nagel, Inc. ("K+N") should be held liable for damage to cargo shipped from Australia to New Berlin, Wisconsin, under the Carmack Amendment, 49 U.S.C. § 14706, as well as state law claims for breach of contract and gross negligence. Before the court is defendant K+N's motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted, or in the alternative, to transfer this case to the Southern District of New York. (Dkt. #15.) For the reasons explained below, this court will grant the motion to dismiss and close this case.

ALLEGED FACTS[1]

Plaintiff Middlesex issued an insurance policy to General Beverage Services Company, a liquor distributor with a principal place of business in Madison, Wisconsin, providing coverage for damages to its business property.

[1] As noted below, the following facts are adopted as alleged in plaintiff's complaint and attachments, with reasonable inferences made from those acts in plaintiff's favor, or matters over which this court may take judicial notice.

In January 2022, General Beverage entered an agreement (the "waybill") with K+N to transport two shipments of Yellowtail wine (the "cargo") from Australia to New Berlin, Wisconsin. On its face, the waybill identifies General Beverage as the consignee and defendant as the carrier. (Dkt. #15-1.)[2] It further states that "[i]n accepting this sea waybill . . . the Merchant agrees to be bound by all Terms and Conditions stated herein . . . as fully as if they were all signed by the Merchant," defining "Merchant" as "the Shipper and *all Persons named . . . as consignee*[.]" *Id*. (emphasis added). Additionally, the waybill states that: the Carriage of Goods by Sea Act ("COGSA"), as approved in 1936, shall apply to its provisions; and any claims must be brought in the United States District Court for the Southern District of New York.[3] (Dkt. #15-1, at 2 ¶¶6.1, 21.1.)

More importantly, despite instruction from General Beverage to use the Port of Charleston in South Carolina as its delivery point in North America, the waybill identified the Port of Vancouver in British Columbia, Canada. After arriving at the Port of Vancouver, the cargo was then sent by rail to Chicago, Illinois, and after a brief delay, continued by rail to its final destination in Wisconsin. Moreover, during its transit through Canada and the Northern United States, the cargo was exposed to freezing temperatures and sustained damage. In total, the loss to General Beverage in transit was $94,240.51.

---

[2] Although attached to defendant's motion to dismiss, plaintiff neither disputes the authenticity of the waybill, its terms, nor that this is the agreement between General and K+N referenced in its complaint.

[3] The parties dispute the enforceability of this forum and whether Second or Seventh Circuit law should apply. As discussed below, however, under both Second and Seventh Circuit precedent, plaintiff's complaint is not timely and will be dismissed as such.

Under the terms of its insurance policy with General Beverage, Middlesex issued a payment for that loss. In turn, Middlesex asked K+N for repayment as subroger, but it refused, prompting Middlesex to file this federal suit as a subrogee to recover its payment for the lost cargo.

OPINION

In determining the outcome of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court accepts all factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The court then determines whether those facts "plausibly give rise to an entitlement to relief." *Id*. The court may also consider a document attached to a motion "when a complaint refers to and rests upon" the document without converting the motion to one for summary judgment. *Minch v. City of Chicago*, 486 F.3d 294, 300 n.3 (7th Cir. 2007).

While plaintiff originally invoked federal question jurisdiction under the Carmack Amendment, it appears to have now conceded there is no basis for that claim. "For Carmack's provisions to apply[,] the journey must begin with a receiving *rail* carrier, which would have to issue a Carmack-complaint bill of lading." *Kawasaki Kisen Kaisha Ltd. V. Regal-Beloit Corp.*, 561 U.S. 89, 103 (2010) (emphasis added). However, "Carmack does *not* apply if the property is received at an *overseas* location under a through bill that covers the transport into an inland location in the United States." *Id*. (emphasis added).

Because the allegations in plaintiff's complaint establish that the cargo's journey began *overseas* with a waybill, rather than with a rail carrier with a Carmack bill of lading, plaintiff has no claim under the Carmack Amendment. Instead, plaintiff, as subrogee, is

subject to the same limitations as General Beverage in pursuing its claims against defendant -- namely, those limiting carrier liability under the waybill and the Carriage of Goods by Sea Act ("COGSA").

Relevant here, COGSA has a one-year statute of limitations period from the date of delivery or the date "when the goods should have been delivered." *See* COGSA § 3(6), ch. 229, 49 Stat. 1207, as amended. Because the complaint in this case was filed on June 24, 2025, for this suit to be timely, therefore, the cargo must have been delivered or have a scheduled delivery date sometime *on or after June 24, 2024*. However, the parties reached their agreement in January 2022, at the latest, meaning plaintiff's claim is time-barred on its face. Moreover, plaintiff makes no argument that the filing of its suit was timely under COGSA.[4]

In response, plaintiff argues that COGSA should not apply at all because defendant unreasonably deviated from the "agreed-upon course of voyage" by delivering the cargo to Vancouver instead of Charleston, abrogating that contract. (Pl.'s Resp. Br. (dkt. #17, at 3).) The doctrine of unreasonable deviation has been applied to "geographic deviations" in both the Second and Seventh Circuits,[5] *see Sedco, Inc. v. S.S. Strathewe*, 800 F.2d 27, 31 (2d Cir. 1986) ("having accepted the doctrine [of deviation in the law of carriage], [the court has] limited it to two situations: geographic deviation and unauthorized on-deck

[4] That being said, if plaintiff can establish a delivery or scheduled delivery date not barred by the statute of limitations, they may file a motion to reconsider with the court if done promptly.

[5] Again, even though the parties' dispute which federal circuit's law applies in this case, the result is the same.

stowage"); *Atlantic Mutual Ins. V. Poseidon Schiffahrt, G.m.b.H.*, 313 F.2d 872, 874 (7th Cir. 1963) ("overcarriage beyond and to a different port than the contracted destination" was historically deemed an unreasonable deviation). So has the abrogation of contracts due to unreasonable deviation. *See SNC S.L.B. v. M/V Newark Bay*, 111 F.3d 243, 248 (2d Cir. 1997) ("an unreasonable or unjustifiable deviation so change[s] the essence of the agreement as to effect its abrogation[.]") (internal citation omitted); *Atlantic Mutual Ins. V. Poseidon Schiffahrt, G.m.b.H.*, 313 F.2d 872, 874 (7th Cir. 1963) (If there is an unreasonable deviation, "the contract is treated as not having existed, and the liability of the carrier becomes that of an insurer.") (citation omitted).

However, neither doctrine is applicable here because the waybill at issue unambiguously states that the cargo was to be delivered to Vancouver.[6] Thus, there was no unreasonable deviation from its terms when the cargo was delivered to Vancouver. Notably, plaintiff neither claims that General Beverage was fraudulently deceived into accepting the contract, nor that the waybill has some other formation defect. Similarly, plaintiff does not argue that there is a different contract between the parties, other than the waybill presented to the court. Accordingly, plaintiff's argument that COGSA's statute of limitations should not apply because of an unreasonable deviation is unavailing.

[6] In the Second Circuit, courts apply "ordinary principles of maritime contract law to disputes involving maritime contracts, including bills of lading," giving terms in contracts their plain meaning. *Nippon Yusen Kaisha v. FIL Lines USA Inc.*, 977 F. Supp. 2d 343, 349 (S.D.N.Y. 2013) (citation omitted). In the Seventh Circuit, courts apply the forum state's law. *See Indemnity Ins. Co. of North America v. Hanjin Shipping Co.*, 348 F.3d 628, 633 (7th Cir. 2003) (applying Illinois' choice of law rules to a waybill incorporating COGSA, which would use Illinois or Indiana's contract law to interpret the waybill). Finally, in Wisconsin, when "the terms of a contract are clear and unambiguous, [the court] construe[s] the contract's language according to its literal meaning." *Ash Park, LLC v. Alexander & Bishop Ltd.*, 2015 WI 65, ¶ 35, 363 Wis. 2d 699, 866 N.W.2d 679.

Because plaintiff's claims are limited to the waybill, and the statute of limitations under COGSA has expired, the complaint must be dismissed with prejudice. *See Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005) ("[A] district court may dismiss under Rule 12(b)(6) something that is indisputably time-barred."); *Mitsubishi Corp. v. M.V. Oinoussian Strength*, 1994 WL 74087 (S.D.N.Y. Mar. 8, 1994) (dismissing action as time-barred under 12(b)(6)).

ORDER

IT IS ORDERED that:

1. Defendant Kuehne & Nagel, Inc.'s motion to dismiss for failing to state a claim upon which relief can be granted (dkt. #23) is GRANTED and this case is DISMISSED WITH PREJUDICE.

2. The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 25th day of August, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge